Joseph D. Nohavicka
Pardalis & Nohavicka, LLP
35-10 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| Adnan Alam Khan | )<br>)<br>) Civ. Case No.<br>) |
| *Plaintiff*, | )<br>)<br>) |
| -v- | ) **COMPLAINT** |
| ADDYS BBQ LLC and Nauman Cheema | )<br>)<br>) |
| *Defendants*. | )<br>)<br>) |

1. Plaintiff, Adnan Alam Khan ("Khan"), by and through the undersigned attorneys, PARDALIS & NOHAVICKA, LLP, hereby complains as follows against Defendants, Nauman Cheema ("Cheema") and ADDYS BBQ LLC ("Infringing LLC"):

**NATURE OF THE ACTION**

2. Khan, a chef and owner of a Halal Steakhouse Restaurant Chain, is the owner of the mark "Addy's Barbeque."

3. Khan brings this action against ADDYS BBQ, LLC and its principal Nauman Cheema, alleging ten separate causes of action arising out of their improper use of Khan's intellectual property rights. The ten causes of action alleged are as follows:

1

(1) Federal Trademark Infringement: False designation of origin and Unfair Competition (15 U.S.C. § 1125 (a));

(2) Common Law Trade Name, Trademark and Service Mark Infringement/ Unfair Competition;

(3) Federal Trademark Dilution (15 U.S.C. § 1125 (c));

(4) Injury to business reputation/Trademark Dilution (N.Y. Gen. Bus. L. 15 U.S.C. § 360-1);

(5) Cybersquatting (15 U.S.C. § 1125 (d));

(6) Deceptive Acts and Practices ( N.Y. Gen Bus L. § 349);

(7) Common Law Tort of Conversion;

(8) Unjust enrichment;

(9) Breach of Fiduciary Duties

(10) Accounting

4. Adnan Alam Khan brings this action for the infringement of trademark by Addy's BBQ, LLC (Infringing LLC) and its principal Nauman Cheema (each of them the "Defendant," collectively the "Defendants") through its use of the marks "Addy's Barbeque" and its - confusingly similar- variation "Addy's BBQ" (the "Infringing Mark") in connection with the operation of a restaurant and provision of restaurant services.

5. Since 2015, Plaintiff owns and operates restaurants under the name "Addy's Barbeque" in two locations; the first restaurant opened in Teaneck, New Jersey and the more recent one in Astoria, New York in 2018.

6. Plaintiff has expended substantial time, money and resources successfully operating, promoting and advertising his restaurant business.

7. Through his efforts, and as a result of Plaintiff's continuous and extensive use of "Addy's Barbeque" mark, Plaintiff managed to expand its business and build a solid reputation as to the high quality of the ingredients used in the preparation of the meals, the service offered in his restaurants, as well as, the taste of the dishes served.

8. As a result, the mark "Addy's Barbeque" has become exclusively associated with the Plaintiff's restaurants.

9. Besides, Plaintiff, a chef, who had an innovative idea to open Steak-Burger restaurants offering Halal meat for the special dietary habits of the Islamic community of the Three-State area, is also known as Chef Addy.

10. In 2016, Plaintiff entered in a partnership agreement with Defendant Cheema in order to form the Defendant LLC and to open a restaurant in Elmont, New York under the Plaintiff's trade name "Addy's Barbeque," using exclusively the know-how and the recipes created by Plaintiff.

11. Following the disseverment of the partnership in July 2017, Plaintiff decided to discontinue any association between his mark "Addy's barbeque" and the above-mentioned restaurant in Elmont.

12. Nevertheless, upon information and belief, Defendant continues operating the restaurant in Elmont under the name "Addy's Barbeque" that, *inter alia*, maintains the same menu that Plaintiff as a Chef curated.

13. On February 27, 2019, Plaintiff demanded that Defendant ceases using Plaintiff's name and competing unfairly with Plaintiff.

14. Nevertheless, Defendant has refused to cease any unlawful conduct.

15. Many customers believe that Defendant Cheema's restaurant belongs to the Plaintiff's chain of restaurants and/or is otherwise affiliated with Plaintiff.

16. This customers' confusion is enhanced by the fact that this restaurant indeed belonged to the Plaintiff's chain of restaurants during his partnership with Defendant Cheema.

17. As a result of Defendant's wrongful conduct, Plaintiff brings this action for monetary and injunctive relief.

## JURISDICTION AND VENUE

### Diversity Jurisdiction and Supplemental Jurisdiction

18. This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq. and the statutory and common laws of the State of New York. This Court has subject matter jurisdiction over this action over Plaintiff's federal claim under 28 U.S.C. § 1331 and 1338(a).

19. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1367(a).

20. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

Plaintiff--

21. Adnan Khan (known as "Chef Addy") is an individual who resides in the State of New Jersey, is a chef and operates restaurants under the name "Addy's Barbeque" in New Jersey and New York.

22. Plaintiff is the owner of the Companies; a domestic Company, ADDY'S BARBEQUE INC., formed on August 29, 2018 under the Laws of the State of New York; and,

a foreign Company, ADDY'S BARBEQUE LLC, formed on June 21 2015 under the Laws of the State of New Jersey.

Defendant1--

23. ADDYS BBQ LLC, is a domestic Limited Liability Company, formed on August 23, 2018 under the Laws of the State of New York.

24. Upon information and belief, the principal of this Company is Defendant Nauman Cheema.

25. Upon information and belief, this Company is the alter ego of Defendant Cheema.

26. Upon information and belief, Defendant1 conducts business and operates a restaurant using the Infringing Mark "Addy's BBQ."

Defendant2--

27. Upon information and belief, Nauman Cheema, is domiciliary of the State of New York.

28. Defendant2 is the founder and owner of the Infringing LLC and operates a restaurant under the Infringing Mark "Addy's BBQ" in Elmont, New York.

29. Defendant2 actively and knowingly caused the trademark infringement because as the founder of Defendant1 directs, ratifies, controls, participates in and is the moving force behind the infringing activity.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

**The Famous and Distinctive "Addy's Barbeque" Trademark**

30. Adnan Khan is a chef and businessman, owning, operating and managing two restaurants: Addy's Barbeque Teaneck (which Plaintiff operates in New Jersey since 2015) and Addy's Barbeque Astoria (which Plaintiff operates in Queens, New York since 2018).

31. Plaintiff has continually used his "Addy's Barbeque" mark in connection with his restaurants.

32. Since 2015, Plaintiff has engaged in substantial advertising and promotion, and has expended substantial time, money and resources as an investment, thereby successfully developing his business and promoting the "Addy's Barbeque" mark and brand.

33. In addition to four years of use from March 2015, Plaintiff has made a use-based application for registration for his "Addy's Barbeque" mark which is pending before the United States Patent and Trademark Office (Application Serial No. 88310342, filed on February 21, 2019).

34. Plaintiff has also maintained an online presence, using the website http://addysbarbequeteaneck.com/, as well as various social media pages to advertise and promote his restaurants under the "Addy's Barbeque" mark.

35. .The "Addy's Barbeque" mark is associated to the high quality of food and services offered in Plaintiff's restaurants.

36. Therefore, the mark has become an extremely valuable asset for Plaintiff's business.

**Defendant Infringing Activities**

37. Notwithstanding Plaintiff's established rights in the use of the "Addy's Barbeque" mark, upon information and belief, Defendant uses the confusingly similar mark, "Addy's BBQ," in connection with the same type restaurant as those operated by Plaintiff.

38. The operation of the Defendant's restaurant is similar to Plaintiff's restaurant.

39. Defendant still uses the menu, which Plaintiff as a Chef created, and is similar to the menu that Plaintiff offers to his own restaurants.

40. However, the quality of Defendant's restaurant is remarkably lower than the quality offered in Plaintiff's restaurants. Some examples include, but are not limited to, poor quality of the meat supplies, bad staff hygiene and some incidents of customers' food poisoning.

41. Besides, Defendant's poor management, who frequently selected below average level of quality ingredients, led to the termination of the partnership between the parties herein.

42. Consequently, Plaintiff requested the disassociation of his mark from Defendant's business.

43. Defendant has engaged in this infringing activity despite having actual knowledge of Plaintiff's use of the "Addy's Barbeque" mark.

44. In addition, upon information and belief, Defendant acquired and still uses the domain name www.addysbbq.com (the "Infringing Domain Name"), which Defendant currently uses to promote its restaurant business.

45. Defendant used of the Infringing Mark and the Infringing Domain Name despite having actual knowledge of Plaintiff's use of "Addy's Barbeque" mark.

46. Defendant maintains a Facebook page which wrongfully states that Plaintiff is the chef of the restaurant whose names infringes Plaintiff's mark, thereby creating the false impression to customers that Defendant's restaurant is affiliated with Plaintiff, a/k/a Chef Addy, and the "Addy's Barbeque" chain of restaurants.

47. Defendant's use of the Infringing Mark and Infringing Domain Name is without

Plaintiff's permission, consent or authorization.

48. On or around February 21, 2019, Plaintiff's counsel wrote to Defendant (the "Cease and Desist Letter"), detailing Plaintiff's rights in and to his "Addy's Barbeque" mark and demanding that Defendant cease using the Infringing Mark and the Infringing Domain Name.

49. Defendant failed to respond and refused Plaintiff's request to cease using his mark.

50. Defendant's use of the Infringing Mark is directly competitive with Plaintiff's business and is substantially likely to cause confusion, mistake, or deception as to the source of Defendant's goods and services.

51. Defendant has organized a scheme to mislead, deceive and confuse customers into believing that his restaurant is associated to, or sponsored, approved, endorsed or otherwise affiliated with Plaintiff and to conduct business on Plaintiff's reputation and goodwill.

**Dissolution of the partnership**

52. Plaintiff and Defendant Cheema formed a partnership in order to open and operate a restaurant under Plaintiff's name.

53. Plaintiff rescinded from the partnership because Defendant Cheema did not preserve the high quality that Plaintiff expected and maintained in his New Jersey restaurant, and to which the reputation and the success of Addy's Barbeque restaurants is attributable.

54. Notwithstanding the Trademark Infringement, upon the dissolution of the partnership, Plaintiff Cheema refused to return to Plaintiff the equipment that Plaintiff contributed to the partnership.

55. Defendant Cheema still uses Plaintiff's equipment, recipes and know-how without Plaintiff's authorization and consent.

56. Plaintiff left the equipment at the restaurant, having the understanding that Defendants would cease using his name. reputation and recipes and operating under his trademark.

57. Upon the dissolution of the partnership, Defendant Cheema continued making use of partnership assets and property, including the equipment, the recipes and Plaintiff's trademark and trade secrets, thereby breaching his fiduciary duty to his former partner.

58. Besides, after the dissolution, Partnership property remained property of the Partnership.

59. Defendant Cheema's exploitation of partnership assets must be accounted, and the profits should be distributed among the partners, including Plaintiff.

60. Plaintiff devoted his effort to the partnership business.

61. Instead, Defendant Cheema pursued his individual endeavors.

62. Defendants still exploit Plaintiff's equipment, recipes and trademark which constituted partnership assets, without having settled the accounts between the partnership and the former partners.

63. Plaintiff never received the profits he was entitled to receive under the oral partnership agreement with Defendant Cheema.

64. Plaintiff contributed to the partnership the equipment, which was indispensable for the operation of the restaurant such as a fringe, a salamander heater, a cooker, a waffle maker, a POS, a clay oven, table tops, and miscellaneous items for the kitchen such as pans, pots, various tools.

65. The amount that Plaintiff spent to purchase this equipment exceeded $20,000.

66. Plaintiff engaged also in training the personnel of the restaurant under the partnership and worked as the head Chef of the restaurant from December 2017 to July 4th, 2018.

67. Plaintiff agreed to receive 21,000 USD as a return for his contributions, however he only received 6,000 USD.

68. During this time, Plaintiff had to employ other chefs for his restaurant in New Jersey and incurred additional costs in order to pay their wages.

## FIRST CAUSE OF ACTION

## Federal Trademark Infringement: False designation of origin and Unfair Competition (15 U.S.C. § 1125 (a))

69. Plaintiff repeats the allegations set forth in paragraphs 1 through 68 as if fully set forth herein.

70. For nearly four years, Plaintiff has continuously and extensively used his "Addy's barbeque" mark and has built its reputation under the same mark.

71. Defendant's Infringing Mark is identical to Plaintiff's Mark, and Defendants activities conducted under the Infringing Mark are confusingly similar, related to, and directly competitive with Plaintiff's restaurant business.

72. Defendant's use of the Mark is likely to cause confusion, mistake, or deception as to the source, sponsorship or approval of Defendant's business and/or result in the mistaken belief that Defendant is somehow legitimately affiliated, connected or associated with Plaintiff.

73. Defendant's aforesaid acts constitute willful trademark and trade name

infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

74. In virtue of Lanham Trademark Act, 15 U.S.C.A. §§ 1114 and 1125(a) trademark protection extends to qualifying unregistered marks

75. Upon information and belief, Defendant adopted and used the Infringing Mark with knowledge of Plaintiff's first use of the "Addy's barbeque" mark and with the willful intention to trade on Plaintiff's reputation.

76. This unlawful act entitles Plaintiff to recovery pursuant to 15 U.S.C. § 1117.

77. By reason of Defendant's aforesaid acts, Plaintiff has suffered and will continue to suffer damage and injury to its "business" reputation and goodwill and will sustain loss of revenues and profits.

78. Unless enjoined by this Court, Defendant will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law for Defendant's wrongful acts.

### SECOND CAUSE OF ACTION
### Common Law Trade Name, Trademark and Service Mark Infringement and Common Law Unfair Competition

79. Plaintiff repeats the allegations of paragraph 1 through 78 as if fully set forth herein.

80. Plaintiff owns and enjoys common law trade name, trademark and service mark rights in connection with its restaurant businesses.

81. Defendant's use in commerce, without Plaintiff's consent, of the Infringing Mark, alone or in connection with the operation of the restaurant in Elmont, is likely to cause

confusion, to cause mistake, and/or to deceive customers.

82. By these wrongful acts, Defendant has caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to Plaintiff and to the goodwill, reputation and proven success associated with Plaintiff's name.

83. Upon information and belief, Defendant profited or will profit by its wrongful conduct and activities.

84. Upon information and belief, Defendant's conduct complained of herein is malicious, fraudulent, deliberate, and/or willful.

85. Plaintiff has no adequate remedy at law.

### THIRD CAUSE OF ACTION

### Federal Trademark Dilution (15 U.S.C. § 1125 (c))

86. Plaintiff repeats the allegations set forth in paragraphs 1 through 85 as if fully set forth herein.

87. As a result of Plaintiff's widespread and continuous use of the "Addy's Barbeque" Mark over the past four years, that mark is famous within the meaning of the relevant statutes.

88. Defendant's use of the Infringing Mark that is nearly identical and/or confusingly similar to the Plaintiff's Mark was willfully intended to target customers on Plaintiff's reputation.

89. Defendant's use of the Infringing Mark that is nearly identical and/or confusingly similar to Plaintiff's famous mark, and which commenced after Plaintiff's Mark became famous, has caused and continues to cause irreparable injury to Plaintiff and its reputation and has diluted by tarnishment the distinctive quality Plaintiff's famous mark within

the meaning of 15 U.S.C. § 1125 (c).

90. Upon information and belief, Defendant has profited or will profit by its wrongful conduct and activities.

91. Defendant's conduct complained of herein is malicious, fraudulent, deliberate, and/or willful.

92. As a result of Defendant's conduct, Plaintiff is entitled to injunctive relief, and is entitled to recover all damages caused by reason of Defendant's acts.

## FOURTH CAUSE OF ACTION
### Injury to Business Reputation/Trademark Dilution
### (N.Y. Gen. Bus. L. 15 U.S.C. § 360-1)

93. Plaintiff repeats the allegations set forth in paragraphs 1 through 92 as if fully set forth herein.

94. Defendant's aforesaid acts have created a likelihood of injury of Plaintiff's business reputation and likelihood of dilution of the distinctive quality of the Plaintiff's Mark.

95. Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff unless restrained by this Court, pursuant to N.Y. Gen Bus. L. 15 U.S.C. § 360-1.

## FIFTH CAUSE OF ACTION
### Cybersquatting (15 U.S.C. § 1125 (d))

96. Plaintiff repeats the allegations set forth in paragraphs 1 thorough 93 as if fully set forth herein.

97. Defendant, with intent to profit from Plaintiff's mark, registered and used the

domain name www.addysbbq.com that is confusingly similar to or dilutive of the Plaintiff's mark and domain name.

98. Defendant's aforesaid acts constitute cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

99. Plaintiff has been, and will continue to be, damaged by Defendant's act in an amount to be determined at trial.

100. Defendant's acts are irreparably damaging to Plaintiff and will continue to damage Plaintiff and its restaurant businesses unless enjoined by the Court. Plaintiff is without an adequate remedy at law.

### SIXTH CAUSE OF ACTION
### Deceptive Acts and Practices (N.Y. Gen Bus L. § 349)

101. Plaintiff repeats the allegations set forth in paragraphs 1 through 100 as if fully set forth herein.

102. Defendant's activities constitute deceptive acts or practices in the conduct of its business.

103. Defendant's aforementioned deceptive acts are aimed at consumers, and are materially misleading with respect to the source, sponsorship, or approval of Defendant's activities, and/or misleading suggest that Defendant is somehow legitimately affiliated, connected, or associated with Plaintiff.

104. Plaintiff has been, and will continue to be, damaged by Defendant's deceptive acts and practices in an amount to be determined at trial.

105. Defendant has caused, and will continue to cause, irreparable injury to Plaintiff

and to the public unless restrained by this Court, pursuant to N.Y. Gen. Bus. L. § 349.

106. By reason of the willful nature of Defendant's acts, Plaintiff is entitled to actual damages, and trebling of its damages, and attorney's fees, pursuant to N.Y. Gen. Bus. L. § 349.

## SEVENTH CAUSE OF ACTION
### Common Law Tort of Conversion

107. Plaintiff repeats the allegations set forth in paragraphs 1 through 107 as if full set forth herein.

108. Plaintiff has the right of possession of the equipment that Defendants refused to return which right is greater than Defendants right to possess this equipment.

109. Defendants have wrongfully interfered with Plaintiff's right to possess this equipment which interference constituted conversion of this equipment.

110. As a result of Defendants' wrongful conversion, Plaintiff has been damaged.

111. Plaintiff has no adequate remedy at law.

112. Plaintiff requests, therefore, that the Court enter an order requiring defendants to deliver to Plaintiff all the equipment that Plaintiff left to the Infringing restaurant after the dissolution of the partnership.

113. Alternatively, Plaintiff is entitled to an award of damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### Unjust Enrichment
### (Only against defendant Cheema)

114. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 113 of this complaint as if fully ser forth herein.

115. Defendants were enriched since Plaintiff spent considerable time working at the restaurant, training the employees and the kitchen personnel, supplying the restaurant with the necessary for its operation equipment and the recipes.

15

116. Defendants were also enriched by using unlawfully and without permission or consent, Plaintiff's trademark and tradename.

117. Plaintiff had reasonable expectation of receiving a compensation and profits for the services he performed, the equipment he furnished and the use of his trademark.

118. Defendants enrichment was at Plaintiff's expense because the services performed, and the equipment and recipes furnished by the Plaintiff was never paid to Plaintiff by Defendants.

119. Plaintiff never received any profits from the operation of the restaurant under the partnership.

120. Defendants upon the dissolution of the partnership continued exploiting the recipes, the personnel trained by Plaintiff, Plaintiff's equipment and the trademark.

121. Defendants have enjoyed the benefit of the performed work, the equipment furnished and the reputation of Plaintiff's trademark.

122. Plaintiff has repeatedly asked from Defendants to cease using his trademark, recipes and equipment for their sole profit.

123. It is against equity and good conscience to allow Defendants to retain the benefit sought to be recovered by Plaintiff.

124. Defendants have unjustly enriched by enjoying fruits of Plaintiff's work and reputation.

125. As a result, Plaintiff has been damaged in an amount to be determined at trial, but not less than $ 30,000.

## NINTH CAUSE OF ACTION

### Breach of Fiduciary duties against Partners
### (Only against defendant Cheema)

126. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 125 as if fully set forth herein.

127. Plaintiff and Defendant Cheema had an oral agreement to form a partnership for an indefinite period.

128. This agreement created a partnership at will.

129. Such a partnership at will may be dissolved at any time by any partner when any of the partners expresses an intent not to continue longer.

130. Plaintiff decided to dissolve the partnership for the reasons explained in the Complaint.

131. Pursuant to NY PARTNER § 68, a partner has the right to wind up.

132. Defendant Cheema has breached his fiduciary duties to the Partnership and Plaintiff by not complying with Plaintiff's request to wind up Partnership's Affairs and attribute to Plaintiff what he is entitled to under NY PARTNER § 52, namely Plaintiff's interest in the partnership; his share of the profits and surplus which is his personal property.

133. Defendant Cheema did not comply with the higher level of trust that is normally present in partnerships between those involved in arm's length business transactions.

134. Defendant Cheema as a partner breached the fiduciary duty of trust and loyalty he owes to Plaintiff as a fellow partner.

135. Defendant Cheema through the Partnership with Plaintiff conducted a mala-fide furtherance of his personal ends in the expense of Plaintiff and the Partnership.

136. Plaintiff has no adequate remedy at law.

137. Plaintiff is damaged as a result of Defendant Cheema's breach of fiduciary duties.

### TENTH CAUSE OF ACTION
### ACCOUNTING

138. Plaintiff repeats and realleges paragraphs 1 through 137 as if fully set forth herein.

139. Defendants' activities constitute trademark infringement

140. Defendants have conducted fraudulent conversion of Plaintiff's goodwill and

rights in his trademark into their own profits through the use of Plaintiff's mark in connection with the operation of a restaurant.

141. This conduct has caused Plaintiff to lose profits, because the consumers are confused, and Defendants' restaurant causes substantial damage to Plaintiff's reputation.

142. Moreover, Defendant Cheema's activities also constitute breach of his fiduciary duties owed to Plaintiff under the partnership.

143. Upon dissolution of a partnership, any partner is entitled to accounting.

144. Defendant Cheema is liable to account to Plaintiff for the profits he received from the operation of the restaurant during the existence of the partnership, together with the profits Defendant Cheema and the Infringing Company received from the unlawful exploitation of Plaintiff's tradename, trade-secrets, recipes and equipment

145. The amount of the said profits is unknown to Plaintiff and cannot be ascertained without an accounting.

146. Plaintiff has been damages as a result of Defendant's misappropriation of his trade secrets, conversion of his equipment, unauthorized use of his trademark and Defendant Cheema's breach of fiduciary duties.

147. Defendants profits should be accounted for and disgorged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgement in its favor and against Defendant on all its claims and award the following to Plaintiff:

1. Preliminary and permanent injunctive relief enjoining Defendant and his agents, attorneys, employees, and all others in active concern or participation with them from:

(a) using the Infringing Mark that is confusingly similar to the Plaintiff's Mark in connection with restaurant businesses and any other business which might to cause confusion and deceit to consumers.

(b) using, directly or indirectly, www.addysbbq.com, or any other domain name that

contains the "Addy's barbeque" mark, or any colorable imitation, simulation or typographical variation of it, either alone or in combination with any other term, or any domain name that is confusingly similar to any of the above;

(c) doing any act or thing that is likely to dilute the distinctiveness of the Plaintiff's Name-Mark or that is likely to tarnish the goodwill associated with it;

2. An order requiring Defendant, her agents, servants, employees, attorneys, and all others in active concert or participation with any of them, to assign to Plaintiff all the rights in and to, the domain www.addysbbq.com as well as any other domain name covered by Paragraph 1(b), and to take all steps necessary to effectuate the transfer of the Infringing Domain to Plaintiff, as well as any other domain name covered by Paragraph 1(b).

3. An order, pursuant to 15 U.S.C. § 1116 (a), directing Defendant to file with the Court and serve on counsel for Plaintiff within thirty (30) days after the entry of injunction issued by this Court, a sworn statement setting forth in detail the manner and form in which Defendant has complied with the injunction:

5. The following damages:

(a) All profits received by Defendant as a result of his wrongful conduct, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117 N.Y. Gen. Bus. L. § 349, N.Y. Gen. Bus. L. § 360-m, and/or any other applicable statute;

(b) All monetary actual and/or statutory damages sustained and to be sustained by Plaintiff as a consequence of Defendant's unlawful conduct, said amount to be trebled pursuant to 15 U.S.C. § 1117 N.Y. Gen. Bus. L. § 349, N.Y. Gen. Bus. L. § 360-m, and/or any other applicable statute;

(c) All exemplary and/or punitive damages to which Plaintiff under statutory or common law;

(d) Pre-judgement interest according to law;

(e) Plaintiff's reasonable attorney's fees, pursuant to 15 U.S.C. § 1117, N.Y. Gen. Bus. L. § 349, N.Y. Gen. Bus. L. § 360-m, and/or any other applicable statute, together with the costs and disbursements of this action; and

6. Such other and further relief as the Court deems just and proper.

Dated: Astoria, New York
April 15, 2019

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By: _____
Joseph D. Nohavicka, Esq.
*Attorneys for the Named Plaintiff*
35-10 Broadway, Suite 201
Astoria, NY 11106
Tel.: (718) 777 0400/Fax.:(718) 777 0599